UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

Case No. SACV 08-01298-CJC(RNBx)                                              Date: January 28, 2009

Title: J. SCOTT MCFETTERS v. U.S. BANCORP OLIVER-ALLEN TECHNOLOGY LEASING et al.
========================================================================

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                  None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT, DENYING PLAINTIFF'S REQUEST FOR PAYMENT OF COSTS, AND DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT**

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for February 2, 2009 at 1:30 p.m. is hereby vacated and off calendar.

**Introduction**

Plaintiff J. Scott McFetters moves to remand this action to state court on the ground that Defendants U.S. Bancorp Oliver-Allen Technology Leasing, U.S. Bancorp Equipment Finance, Inc., U.S. Bancorp, Jamie Gioia, Joseph Grant (collectively "Defendants") have failed to meet their burden of establishing that complete diversity exists between the parties for purposes of subject matter jurisdiction. Mr. McFetters points out that he, as well as Mr. Grant, are both citizens of California.[1] Defendants do

---

[1] Mr. McFetters also argues that U.S. Bancorp is a citizen of California because its principal place of business is in California. However, Defendants have produced evidence to establish that this corporate defendant is actually a citizen of Oregon. The Court need not resolve this issue, however, given that Mr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 08-01298-CJC(RNBx)　　　　　　　　　　　　　　Date: January 28, 2009
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

not dispute that Mr. Grant is a citizen of California, but contend that Mr. Grant is a sham defendant, who has been fraudulently named as a defendant by Mr. McFetters in order to defeat diversity jurisdiction and prevent removal to federal court. For the following reasons, Mr. McFetters motion to remand is GRANTED.

**Background**

This lawsuit stems from an employment dispute between Mr. McFetters and Defendants. Mr. McFetters alleges that U.S. Bancorp, his former employer, wrongfully failed to pay Mr. McFetters commissions to which he was entitled and ultimately terminated his employment. In his complaint, Mr. McFetters alleges several causes of action against Mr. Grant, the operations manager at U.S. Bancorp, in an individual capacity: unfair business practices, fraud, negligent misrepresentation, and interference with prospective economic advantage. Mr. McFetters alleges that Mr. Grant, an individual whom Mr. McFetters alleges was involved in the commission process, acted for both the financial benefit of U.S. Bancorp and himself. (Compl. ¶ 29.) Mr. McFetters alleges that Mr. Grant personally falsified documents, made fraudulent and negligent misrepresentations regarding Mr. McFetters' compensation, and acted to disrupt Mr. McFetters' employment relationship with U.S. Bancorp. (*Id.* ¶¶ 64, 75, 88.)

**Analysis**

Where a party seeks to assert a claim in federal court on the basis of diverse citizenship, each plaintiff's citizenship must be diverse to that of each defendant. 28 U.S.C. §1332(a)(1). Where a non-diverse defendant has been "fraudulently joined" in an otherwise diverse case, however, diversity of citizenship is not defeated. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder is fraudulent where a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* Fraudulent joinder also exists where the plaintiff lacked any reasonable factual basis for asserting a claim against the non-diverse defendant. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998).

---

Grant is a citizen of California, and he is not a sham defendant. Accordingly, Defendants' motion to strike evidence offered in support of Mr. McFetters' motion to remand is DENIED as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 08-01298-CJC(RNBx)            Date: January 28, 2009
           Page 3

---

       The party arguing fraudulent joinder, has a heavy burden of proving that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action" against the non-diverse party, or that there has been "outright fraud" in the pleading of jurisdictional facts. *Davis v. Prentiss Properties Ltd., Inc.,* 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999). In determining fraudulent joinder, the trial judge may "pierce the pleadings" and may consider summary judgment-type evidence. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

       Here, Defendants have not satisfied their heavy burden of establishing that Mr. Grant is a sham defendant. Mr. Grants is named as a defendant in Mr. McFetters' complaint. The crux of each of Mr. McFetters' claims against Mr. Grant is that Mr. Grant manipulated the commission plans and interfered with payment of commissions to Mr. McFetters in order to benefit himself personally. Specifically, Mr. McFetters alleges that Mr. Grant personally falsified documents, made fraudulent and negligent misrepresentations regarding Mr. McFetters' compensation, and acted to disrupt Mr. McFetters' employment relationship with U.S. Bancorp. (Compl. ¶¶ 64, 75, 88.)

       Defendants make numerous arguments as to why Mr. Grant is a sham defendant. Essentially, the core of each of Defendants' arguments is that Mr. Grant had nothing do with the commission plans at issue in this case and he could not have benefitted personally from any of the alleged wrongdoing. However, Defendants have not met their burden of showing that Mr. Grant's joinder was fraudulent or without any factual basis. Although Defendants have produced evidence to suggest that Mr. Grant was not personally involved in decisions regarding the commission plans, (Decl. of Charles Lietz.), Mr. McFetters has produced Mr. McFetters' emails suggesting that Mr. Grant had some involvement in commission-related issues during Mr. McFetters' tenure. (Decl. of J. Scott McFetters, Jan. 23, 2009.) There is also evidence that because Mr. Grant was paid a bonus based on the financial performance of U.S. Bancorp, he may have had an interest in preventing the payment of the several million dollars in overdue commissions to which Mr. McFetters argues he is entitled.

       Because Mr. Grant is not a sham defendant, the parties are not diverse within the meaning of 28 U.S.C. §1332, and the Court lacks subject matter jurisdiction. Accordingly, Mr. McFetters' motion to remand is GRANTED.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 08-01298-CJC(RNBx)                              Date: January 28, 2009
                                                                           Page 4

___

      The Court may in its discretion award costs pursuant to 28 U.S.C. § 1447(c) where the removing party lacked a reasonable basis to do so.  However, the Court finds that awarding costs would be inappropriate on these facts.  Specifically, Defendants presented evidence to show that Mr. Grant had limited involvement in the alleged decisions and events giving rise to Mr. McFetters' claims.


law

MINUTES FORM 11
CIVIL-GEN
                                                                                      Initials of Deputy Clerk mu